**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-CR-30078-SMY-1** |
| | ) | |
| **CHRISTOPHER CHARLES** | ) | |
| **VANBIBBER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Pending before the Court are Defendant Christopher Charles Vanbibber's *pro se* Motion for Compassionate Relief (Doc. 89), the Government's Motion to Dismiss (Doc. 93), and Defendant's Motion for Extension of Time (Doc. 94).

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same.  *Id*.  If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest.  *Id*.

Here, Defendant requested compassionate release from the warden of his institution on June 2, 2020, 27 days prior to filing his Motion for Compassionate Release.  The warden denied his request and Defendant's appeal is currently pending before the Regional Director (Doc. 94).

The exhaustion requirement is mandatory – Defendant must either fully exhaust his administrative remedies or wait 30 days after making a request of the warden before filing a motion for compassionate release with the court.  He may not, as he seeks to do here, file the motion prior to exhaustion and seek an extension to show proof of exhaustion at a later point.  *United States v. Alam*, 960 F.3d 831, 833-4 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release."); *United States v. Elion*, 2020 WL 4284354 (S.D. Ill. 2020).

Accordingly, Defendant's Motion for Extension of Time (Doc. 94) is **DENIED**.  The Government's Motion to Dismiss (Doc. 93) is **GRANTED** and Defendant's *pro se* Motion for Compassionate Relief (Doc. 89) is **DISMISSED** without prejudice. Defendant may refile his motion seeking compassionate relief, should he choose to do so, once he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i).

**IT IS SO ORDERED.**

**DATED: September 9, 2020**

**STACI M. YANDLE**
**United States District Judge**